TOLEDO COMPUTING SCALE COMPANY, APPELLANT, v.
JOHN FREDERICKSEN, APPELLEE.

FILED APRIL 3, 1914.    No. 17,683.

1. Sales: IMPLIED WARRANTY. Ordinarily where a manufacturer or
   dealer contracts to supply an article which he manufactures, or
   in which he deals, for a particular purpose, of which he is
   aware, under such circumstances that the buyer necessarily
   trusts to the judgment or skill of the manufacturer or dealer,
   there is an implied warranty that the article supplied shall be
   reasonably fit for the purpose for which it is sold.

2. ———: RIGHT OF RESCISSION. If, upon the prompt inspection of
   such an article, it proves to be defective and unfit for the purpose
   for which it was purchased, the buyer may refuse to accept it and
   rescind the contract.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*Muldoon & Gibbs,* for appellant.

*Wilcox & Halligan, contra.*

LETTON, J.

This action was brought to recover the balance due,
plaintiff upon a contract for the sale of a computing scale.
Plaintiff failed in the action, and appeals to this court.

Defendant bought the scale on September 5, 1910, under
a printed and written contract, which in substance pro-
vided that the scale will be used in the grocery business,
that the price should be $150, $50 of which was paid in cash
when the contract was signed, and $100 was to be paid in
30 days. The contract also provided: "It is expressly
agreed that this contract shall not be countermanded, and
in the event of a refusal to accept said scale when tendered,
the full purchase price, less any previous payments, shall
at once become due and payable as liquidated damages,
not as a penalty. The signing and delivering of instalment
note shall not be deemed nor considered a payment or

95 Neb. 44

waiver of any term, provision or condition of this contract." The further clauses of the contract are not material, except that there, appeared upon its face the words, "NOTICE—No scale placed on trial." Defendant purposed opening a grocery store on October 1. The scale arrived at Brady on September 29, and, as was the local custom, was at once delivered by a drayman at defendant's place of business. The scale was unpacked on September 30, set up on the counter, and tested. Defendant testified that it did not weigh correctly, and that he was unable to adjust it so that it would do so. His testimony in this respect is corroborated by other witnesses. Defendant then repacked and returned it to the railway station, without receipting for it or paying the freight. On cross-examination it developed that the agent for another scale was in his store after the time he tested plaintiff's scale, and that he purchased a scale from him that day. He testifies that he did this for the reason that he had provided for only one pair of scales, and that it was necessary to have a scale for use next day, when his store was to open. About a week afterwards he notified the plaintiff that the scale was out of order, and that he refused to accept it. The scale remained at the station until removed by the plaintiff's agent. It was produced by plaintiff at the trial, and tested before the jury. At that time the indicator on one side showed the correct weight when tested by one of plaintiff's witnesses with a six-pound weight which he produced and testified was a correct weight, while upon the other side the indicator showed one ounce short of that weight; with a one-pound weight there was a difference of one-half ounce; and he further testified that with a greater weight there would be a proportional difference. Plaintiff's agent, Harris, who sold the scale also tested the scale in the presence of the jury. On cross-examination, when the scale was tested with the six-pound weight, he admitted that it was short upon one side, and in answer to the question, "If these weights weigh what Mr. Rush testified, the scale is not weighing correctly?" he answered, "No, it is not correct if these weights are correct. Q. If these weights are

correct, your scale is not correct? A. No, sir." At the close of the testimony each party moved for a directed verdict. The court sustained the motion of defendant and directed the jury accordingly.

Defendant asks that the case be affirmed because plaintiff's brief is not prepared in accordance with the rules of this court. We would probably be justified in so doing if the record was large and the points sought to be made were not clear, but with a short record and an orderly, logical and concise arrangement in the brief, we do not now feel warranted in taking such summary action. In view of the unnecessary labor heretofore imposed upon the court by carelessly prepared and defective briefs, new rules, more specific and definite, have been adopted to aid the bar in the preparation of briefs and the court in the disposition of cases. Briefs prepared after such rules are in effect will be more strictly scrutinized, and if not in accordance with the instructions given in the rules may receive scant consideration.

Plaintiff, while admitting that a party to an executory contract may rescind it at any time before receipt of the goods, and that under certain circumstances a buyer may examine the goods before acceptance, and if not found as represented may refuse to receive the same, insists that the right of inspection by the purchaser was taken away under the terms of the contract, and, further, that by receiving it in his place of business and unpacking it, defendant received and accepted the scale and that the transaction became an executed and complete sale and delivery, and defendant's only recourse was under the terms of the warranty in the contract. Defendant maintains that he had a right to examine and inspect the scale before acceptance, and to rescind and return it if defective and not according to contract, that he did no more than this, and that the scale was defective and unfit for use when tested. We find no restrictive provisions in this contract which take the transaction out of the ordinary rule with respect to the right of inspection before acceptance. The quoted provision with respect to countermand is not applicable to the

facts in this case, and the provision that, "in the event of a refusal to accept said scale when tendered," the full purchase price shall become due and payable, does not apply to the tender of a defective scale.

We think there was an implied warranty that the scale purchased should be fit "for use in the grocery business." *Kellogg Bridge Co. v. Hamilton*, 110 U. S. 108, 3 Sup. Ct. Rep. 537; *Gilchrest Lumber Co. v. Wilson*, 84 Neb. 583; *Omaha Coal, Coke & Lime Co. v. Fay*, 37 Neb. 68. We are also of opinion that the reasonable right of inspection remained in the defendant, nothing to the contrary being contained in the written contract. The condition of the scale justified its rejection. The provision "no scale placed on trial" evidently means that the buyer shall not have the privilege of receiving, retaining and using the scale in his business for the purpose of trial, and does not affect the right of inspection before acceptance.

Under the evidence the defendant was justified in refusing to accept the scale, and the judgment of the district court was right, and is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.